UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSUE G. REYES-HERNÁNDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 02-2147 (JAF)<br><br>(Criminal No. 97-110) |

**O R D E R**

Petitioner, Josué G. Reyes-Hernández, requests a certificate of appealability from this court to appeal our denial of his 28 U.S.C. § 2255 petition, <u>see</u> 28 U.S.C. § 2253(c)(2) (1996).

On June 19, 1998, a jury found Petitioner guilty of two counts of armed robbery, in violation of 18 U.S.C. §§ 2, 2113(a), and 2113(d); one count of assault, in violation of 18 U.S.C. §§ 2 and 2114(a); one count of breaking and entering, in violation of 18 U.S.C. §§ 2 and 2117; and one count of using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1). <u>Case No. 97-110, Docket Document No. 294</u>.

On October 28, 1998, this court sentenced Petitioner to 308 months in prison. <u>Case No. 97-110, Docket Document No. 329</u>. We entered judgment on November 4, 1998, <u>Case No. 97-110, Docket Document No. 331</u>, and Petitioner appealed on November 6, 1998, <u>Case No. 97-110, Docket Document No. 334</u>.

On August 30, 2000, the First Circuit affirmed Petitioner's conviction. <u>United States v. Mojica-Baez</u>, 229 F.3d 292, 313 (1st Cir. 2000). Petitioner sought a writ of certiorari from the United States Supreme Court, which was denied on June 4, 2001. <u>Reyes-Hernández v.</u>

United States, 532 U.S. 1065 (2001).  Petitioner sought rehearing, which was denied on August 6, 2001.  Reyes-Hernández v. United States, 533 U.S. 966 (2001).

On August 2, 2002, Petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255.  Docket Document No. 1.  On April 29, 2003, we determined that the petition was untimely because the statute of limitations expired on June 4, 2002, one year after the date that the Supreme Court denied certiorari.  Docket Document No. 4; see 28 U.S.C. § 2255.  We, therefore, dismissed the petition.  Docket Document Nos. 4, 5.

On May 18, 2003, Petitioner appealed our denial of his § 2255 petition.  Docket Document No. 6.  On June 5, 2003, Petitioner sought a certificate of appealability from this court regarding our dismissal of his § 2255 petition.  Docket Document No. 8.  On June 13, 2003, we denied Petitioner's request for a certificate of appealability.  Docket Document No. 9.  The First Circuit denied Petitioner's appeal on March 18, 2005.  Docket Document No. 12.

On October 13, 2005, Petitioner moved for relief from his judgment pursuant to Rules 60(b)(4) and 60(b)(6) of the Federal Rules of Civil Procedure.  Docket Document No. 13.  We denied this motion on October 14, 2005.  Docket Document No. 14.  On April 17, 2007, Petitioner again moved for relief pursuant to Rules 60(b)(4) and 60(b)(6) of the Federal Rules of Civil Procedure.  Docket Document No. 17. We denied this motion on July 16, 2007.  Docket Document No. 19.

On July 30, 2007, Petitioner filed a notice of appeal as to our second denial of his Rule 60 motion.  Docket Document No. 20. On October 15, 2007, Petitioner filed the present motion for a

certificate of appealability regarding the denial of his Rule 60 motions. Docket Document No. 25.

Because we did not address the merits of Petitioner's claims, a certificate of appealability should issue if he has shown that "(1) the soundness of [our] procedural ruling is debatable, and (2) the constitutional claim is also colorable." Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002) (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Upon reviewing the record, we find that our procedural ruling is not debatable. See In re Smith, 436 F.3d 9, 10 (1st Cir. 2006). Accordingly, we **DENY** Petitioner's request for a certificate of appealability, Docket Document No. 25.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 14th day of December, 2007.

                                          S/José Antonio Fusté
                                          JOSE ANTONIO FUSTE
                                          Chief U. S. District Judge